MILLS, Judge.
Jacksonville Transportation Authority filed a condemnation action to obtain land for construction of a highway. Continental, a defendant to the action by virtue of a mortgage on part of the land, counterclaimed alleging that the contractual provisions of a quitclaim deed given by it to Jacksonville Transportation Authority prior to the filing of the condemnation action required that Jacksonville Transportation Authority proceed with the highway construction in accordance with the provisions of the deed rather than by condemnation. After a nonjury trial on the counterclaim, the trial court entered judgment for Jacksonville Transportation Authority. Continental appealed.
Subsequently, Continental moved the court to substitute it for Galardi, owner of the land being condemned, because it had acquired Galardi’s ownership of the land in *1103 a mortgage foreclosure action and sale. The trial court denied the motion. Continental appealed. As previously ordered, we treat this appeal as a petition for writ of common law certiorari.
For our consideration, we consolidate the appeal and the petition for certiorari.
Continental contends that the final judgment entered on its counterclaim is contrary to the evidence and to the law, and that the denial of its motion for substitution for Galardi denies it due process. We do not agree. We affirm the judgment and deny the petition for certiorari.
The provisions of the quitclaim deed, dated 23 March 1972, pertinent to this appeal are: (Grantor is Continental, Grantee is J.T.A.)
“1. The parties understand that Grantor may not own all of the land described above and that Grantor hereby conveys to Grantee, and reserves the rights and privileges hereinafter set forth, only in respect to that portion of the land described herein which is owned by Grantor on the date of this conveyance.
“2. By the acceptance of this deed, Grantee agrees that the land conveyed hereby shall remain in the possession of the Grantor until such time as Grantee determines to utilize the premises for the purposes of constructing a road thereupon. At such time, it will give Grantor thirty (30) days written notice and thereafter Grantee will be entitled to exclusive possession. .

“4. In the event Grantee fails to commence construction of a road on the land described above, and in good faith pursue that construction to completion, within five (5) years after the date hereof, then the land shall revert to Grantor, his successors and assigns, and thereafter Grantee shall have no further right, title or interest therein.
“5. Grantee shall have the right to construct a limited access highway on the land described herein, but only if Grantee shall construct and pave a fully accessible service road on both sides of such limited access highway. In such case, Grantee shall bear the entire cost of constructing and paving such service road, and shall provide access to the limited access highway for the property adjacent to the property described herein, via such service road, at intervals not to exceed one-half mile apart on each side of the limited access highway, and with at least one of such accesses on each side being located on the property described herein and hereby conveyed. If the road constructed by Grantee on the property described herein is not designated as a limited access highway, then the owners of the property abutting the property described herein will have full access to such road for the development of abutting property.”
The evidence at the trial, held on 7 January 1976, was undisputed that the project plans were not completed and could not be completed sooner than October 1976, that the funds to construct the project were not on hand and would not be on hand for at least another five years, that Jacksonville Transportation Authority could not secure the necessary environmental permits to construct the access roads and that construction could not commence within the five-year limitation period provided by paragraph 4 of the quitclaim deed.
The final judgment on counterclaim provided in part:
“Defendants [Continental] maintain the deed is a binding contract on plaintiff [J.T.A.], requiring plaintiff [J.T.A.] to proceed under the deed, in lieu of condemnation, and to furnish defendants [Continental] access roads on either side of the right of way. Plaintiff [J.T.A.] maintains that the deed is not a contract, but that, in any event, the work to be done under the deed cannot be commenced within the five year period provided for in paragraph 4 of the deed, reading,
‘In the event Grantee fails to commence construction of a road on the land described above, and in good faith *1104 pursue that construction to completion, within five (5) years after the date hereof, then the land' shall revert to Grantor, his successors and assigns, and thereafter Grantee shall have no further right, title or ’ interest therein.’
nor can plaintiff [J.T.A.] secure the necessary permits from the appropriate environmental agencies.
“The uncontroverted evidence adduced by plaintiff [J.T.A.] was that the funds are not on hand to construct the project nor are the plans completed. And, that construction could not commence within the five year limitation period of reversion provided in paragraph 4 of the deed. Additionally, it was uncontroverted that plaintiff [J.T.A.] could not secure the necessary environmental permits to construct access roads. .
“ORDERED AND ADJUDGED:
1. The deed is of no force and effect, and plaintiff- [J.T.A.] has no title or right under the deed, since the reverter provision thereof would come into full force and effect.
2. Any title plaintiff [J.T.A.] would have in the property is by virtue of the eminent domain proceedings herein.
3. The counterclaims of defendants [Continental] are hereby dismissed.”
The orders of taking the land were entered and the deposits of funds required by the orders were made on 2 April 1973 and 1 November 1974. On these dates Galardi was the owner of the land involved in the action. On 24 April 1973, Continental conveyed its equitable ownership in the land taken on 2 April 1973 to Galardi in exchange for a mortgage on all of the land involved in the action. Continental brought suit to foreclose the mortgage in 1974 and on 16 February 1976 acquired a certificate of title to the lands.
The order denying Continental’s motion to substitute stated that Continental would not be permitted to offer evidence as an owner of the land condemned at the trial of the action.
Continental argues that there is evidence that Jacksonville Transportation Authority could have commenced the construction of the highway within the five-year period imposed by paragraph 4 of the deed, therefore the judgment is contrary to the evidence. There was testimony that the construction of the highway could have commenced in January 1977 if the project plans were completed and if Jacksonville Transportation Authority had the funds on hand to pay for the project. But the evidence was undisputed that the plans could not be completed sooner than October 1976 and the funds to pay for the project would not be on hand for another five years. The evidence was undisputed that the construction could not be commenced within the five-year limitation placed on it by paragraph 4 of the deed. Continental’s argument is without record support. The judgment is supported by the undisputed evidence.
Continental urges that the five-year limitation imposed by paragraph 4 is for the sole benefit of Continental and not for the benefit of Jacksonville Transportation Authority, and that Continental could waive or extend the limitation but Jacksonville Transportation Authority could not. Continental has not favored us with authority supporting its argument. In our judgment, the limitation is applicable to both parties particularly where the record is devoid of evidence that Continental waived or extended the limitation. Continental has failed to show that the judgment is contrary to the law.
The arguments made by Continental attacking the validity of the orders of taking are not considered by us because they are not within the scope of this appeal.
The argument made by Continental that it needs a clarification of the judgment by the trial court so that it will know how and when to file its claim against Jacksonville Transportation Authority for breach of contract damages is not properly before us. This is a matter for the trial court’s consideration.
*1105 The judgment is supported by grounds other than those stated in the judgment. On 24 April 1973, Continental conveyed all of its right, title and interest in the property condemned to Galardi. Any rights it had under the quitclaim deed to Jacksonville Transportation Authority were conveyed to Galardi.
Section 74.061, Florida Statutes (1975), provides in part:
“Immediately upon the making of the deposit, the title or interest specified in the petition shall vest in the petitioner, and the said lands shall be deemed to be condemned and taken for the use of the petitioner, and the right to compensation for the same shall vest in the persons entitled thereto.”
Under this Section, title to the condemned property vested in Jacksonville Transportation Authority on 2 April 1973 and 1 November 1974, the dates on which it deposited the funds required by the orders of taking of the same dates. Continental did not acquire Galardi’s title -at the foreclosure sale on 16 February 1976 because Jacksonville Transportation Authority, had already acquired that title by condemnation prior to that date.
Under this Section the right to the proceeds vested in the owner of the condemned property on the dates the deposits were made. On 2 April 1973 and 1 November 1974, Galardi was the owner. Galardi had the right to the proceeds.
The mortgagee’s interest of Continental in the condemnation proceeds is not before us but can be disposed of by the trial court in appropriate supplemental proceedings.
We affirm the final judgment. We deny the petition for writ of common law certio-rari.
BOYER, Acting C. J., and ERVIN, J., concur.