WIGGINTON, Judge.
Appellant, Jacksonville Transportation Authority (JTA), appeals the trial court’s order granting summary judgment in favor of appellee Continental Equities, Inc. (Continental) on count II of Continental’s complaint, finding that Continental has an equitable interest in certain land, known as parcel one, for which JTA must pay condemnation compensation. We reverse.
Continental sued JTA, alleging breach of contract in count I and seeking ejectment in count II. In count II, which is the only count involved in this appeal, Continental sought the alternative relief of condemnation and compensation from JTA for the land, since JTA had already constructed a road on the land by the time appellant filed this action in May, 1981.
In support of its claim under count II, Continental alleged that it holds an equitable reverter interest in parcel one arising from a 1972 quitclaim deed. In April, 1973, pursuant to a condemnation action, the land in question was condemned and both legal and equitable title were transferred from Juan Galardi to JTA in exchange for compensation paid. The condemnation action did not concern the rights or liabilities, if any, created by the quitclaim deed. Continental bases its lower court action on that quitclaim deed.
Continental was not included as a party in the April, 1973, condemnation action. On October 2, 1974, Continental moved to quash or set aside the 1973 order of taking, alleging that at the time of that taking, Continental had an equitable ownership interest in the land, which was known by JTA, but Continental was not joined as a party defendant in that action. Continental based its assertion of an ownership interest on its alleged equitable title reverter created by the quitclaim deed. Judge Shave, the judge in the condemnation action, denied Continental’s motion on October 30, 1974. In November, 1974, parcel number two, which is not involved in this appeal, was taken by condemnation. In April, 1975, Continental moved to set aside the 1973 and 1974 orders of taking. Judge Shave denied that motion and later ruled that the quitclaim deed was of no force and effect as to JTA and that any title JTA had in the property was by virtue of the eminent domain proceedings.
On March 3, 1976, Continental filed a motion to be substituted for Juan Galardi as owner of the property covered by the order of taking, alleging that Continental had succeeded to the sole rights or interests of ownership of the land being condemned by virtue of its 1976 purchase of the property at a forced sale due to the Galardi mortgage foreclosure. Judge Shave denied that motion. Continental appealed both of the decisions of Judge Shave in Continental Equities v. Jacksonville Transportation Authority, 360 So.2d 1101 (Fla. 1st DCA 1978). In that opinion, this Court determined that on April 2,1973, and November 1, 1974, Galardi was the owner of the property in question and had the sole right to the condemnation proceeds; that Continental did not acquire Galardi’s title at the foreclosure sale in 1976 since JTA had already acquired that title by condemnation prior to that date; that Continental’s mortgagee interest in the condemnation proceeds is not before the court and could be disposed of by the trial court in appropriate supplemental proceedings; that Judge Shave did not err in denying Continental’s motion for substitution.
On May 16, 1979, Continental filed a motion to quash a stipulation of settlement between JTA and Galardi and to set aside the orders of taking. In August, 1979, Judge Goodfriend (the successor judge in the case after Judge Shave’s death) entered an order denying both motions. In November, 1979, Continental filed a motion for summary judgment as to specific issues. In February, 1980, Judge Goodfriend entered an order on other motions and the motion for summary judgment in which he *76 held: Continental had no right, title or interest sufficient to be made a party as to the land contained in the 1973 order of taking, Continental had no right, title or interest in and to any reverter clause in that Continental had already quitclaimed any such right to Galardi, and the finding of this court that Galardi was the owner of the lands on April 2,1973 and November 1, 1974 was confirmed. He explained:
[I]t would be inconsistent for this court to find that Continental Equities, Inc. had an equitable conversion in light of the findings of Judge Shave; Judge Shave having denied Continental’s standing therein and having denied its motion to quash; and the District Court of Appeal finding that the Galardis were the owners of the land, and entitled to the monies on said dates .... [This Court] does not deem that Continental had any equity or right which would warrant it to be apprised as an equitable conversion standing where they would be entitled to take part in the eminent domain proceedings as to Parcel 1.
In this appeal, JTA asserts that the trial judge erred in finding that Continental has an interest in parcel one for which JTA must pay condemnation compensation because Continental’s claim of title and right to possession as set forth in count II of its complaint is barred by the doctrines of res judicata and collateral estoppel due to the above-reviewed previous proceedings in this series of actions. We agree. Due to those decisions, the question of whether Continental had an equitable title reverter interest in the land at the time of the April, 1973 taking has been decided unfavorably to Continental and is not for us now to determine.
Continental argues that it is not bound by those previous decisions since it was not originally made a party to the actions from which those decisions arose. However, the very ground upon which Continental now asserts a compensable interest in the land was the basis upon which Continental claimed a compensable interest in the previous suit. Although Continental was never allowed to be a party in that suit as an owner of parcel one, it was a defendant in the action by virtue of its mortgagee interest in the land and the question of its ownership interest in the land was litigated and adjudicated several times, with Continental being allowed to participate in the proceedings. Each time the result was unfavorable to Continental. See Continental Equities v. Jacksonville Transp., supra. At this point, we are bound by those previous decisions, including the decision of this Court in Continental Equities v. Jacksonville Transp., which have established that in April, 1973, Continental had no interest in parcel one sufficient to command payment of compensation by JTA in the condemnation action. Despite the potential merit of Continental’s claim of an equitable title re-verter interest, under the doctrine of res judicata, the trial judge erred in failing to follow the previous decisions entered in that case on that question.
The summary final judgment as to parcel one in favor of appellee is reversed and vacated. This case is remanded to the trial court for further proceedings in accordance with this opinion.
BOOTH and JOANOS, JJ., concur.