SHIVERS, Judge.
Continental Equities, Inc. (Continental) appeals summary final judgment in behalf of appellee Jacksonville Transportation Authority (JTA). The trial court held that prior decisions and orders of our court and the trial court rule out any possible claim of Continental under either Count One or Count Two of the complaint. Continental appeals only as to Count One, which alleges breach of contract. After perusal of the orders of the trial court and our prior decisions, we find that they do not rule out Continental’s claim against JTA for breach of contract. We find summary final judgment against Continental should not have been entered as to Count One and we, therefore, reverse.
In Continental Equities, Inc. v. Jacksonville Transportation Authority, 360 So.2d 1101 (Fla. 1st DCA 1978), we stated that:
The argument made by Continental that it needs a clarification of the judgment by the trial court so that it will know how and when to file its claim against Jacksonville Transportation Authority for breach of contract damages is not properly before us. This is a matter for the trial court’s consideration, (emphasis supplied)
In Jacksonville Transportation Authority v. Continental Equities, Inc., 462 So.2d 74 (Fla. 1st DCA 1985), we stated at the outset of the opinion:
Continental sued JTA, alleging breach of contract in count I and seeking ejectment in count II. In count II, which is the only count involved in this appeal, Continental sought_ (emphasis supplied)
We reverse and remand for action on Continental’s claim against JTA for breach of contract damages.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.