PER CURIAM.
Jacksonville Transportation Authority (JTA) appeals a summary judgment on liability entered against it in a breach of contract action, a final judgment awarding Continental Equities, Inc. (Continental) over four million dollars in damages and accrued interest, and an order awarding Continental over $70,-000 in costs. We reverse.
This appeal had its origins in a quitclaim deed of 21.2 acres of right-of-way for what is now J. Turner Butler Boulevard in Jacksonville, which was given to JTA in 1972 by the owner of the property, C.V. Galardi, and Continental’s predecessor in interest.[1] The deed stated that it was subject to seven enumerated conditions, two of which are relevant here: that if JTA failed to “commence construction of a road on the land described above, and in good faith pursue that construction to completion, within five (5) years after the date hereof, then the land shall revert to Grantor, his successors and assigns, and thereafter Grantee shall have no further right, title or interest therein,” and that JTA had the right to construct a limited access highway, “but only if Grantee shall construct and pave a fully accessible service road on both sides of such limited access highway” and in such a case, JTA must provide accesses on each side at least every half-mile, “with at least one of such accesses on each side being located on the property described herein and hereby conveyed.”
JTA thereafter learned that environmental wetlands legislation would prevent its constructing a controlled access highway with service roads, and offered to buy the subject right-of-way for its appraised value. When the negotiations with Galardi broke down, JTA began condemnation proceedings which resulted in JTA’s taking the property for its appraised value, plus attorney fees. During these proceedings, Judge Thomas Shave severed, and in 1976 dismissed, counterclaims for breach of contract filed by Galardi and Continental. He found that construction could not commence within the five-year limitation period of the quitclaim deed’s reverter clause, that the deed “is of no force and effect, and [JTA] has no title or right under the deed, since the reverter provision thereof would come into full force and effect,” and that “[a]ny title [JTA] would have in the property is by virtue of the eminent domain proceedings herein.”
Galardi and Continental appealed this 1976 final judgment, asserting that the contractual provisions of the quitclaim deed required JTA to proceed with the highway construction in accordance with the provisions of the deed rather than by condemnation. In Continental Equities, Inc. v. Jacksonville Transportation Authority, 360 So.2d 1101 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1364 (Fla.1979), this Court affirmed Judge Shave’s ruling on the counterclaims, finding that Galardi was the owner of the land at the time of the taking and had the right to the proceeds from the condemnation action, and that “[t]he mortgagee’s interest of Continental in the condemnation proceedings is not before us but can be disposed of by the trial court in appropriate supplementary proceedings.”[2]
Judge Goodfriend took over the case, and in 1980 entered an order in which he reaffirmed that whether Continental had a claim *1356 for breach of contract “is an issue which is not for this Court to further proceed on as Judge Shave denied amendment in his order of dismissal therefor and which can be decided in a separate proceeding altogether,” and that any breach of contract suit would be “governed and effected (sic) by the prior rulings of Judge Shave as the Counterclaims were severed, tried and dismissed.” He ruled that Continental had no reversionary interest in the right-of-way because it had already quitclaimed its interest in the property to Galardi, and that Continental could not foreclose on the property which had already been taken, “but may be entitled to an award as is necessary for compensation as mortgagee for the portion taken, if the entire property was not taken” and “only has a right to appear in a post-judgment proceeding to show impairment of its mortgaged lien, if any.” After the question of impairment of security was tried, Judge Goodfriend entered a final judgment in condemnation for $8500, and ordered the $8500 distributed to Continental.
Continental filed a separate suit against JTA on two counts: breach of a “contractual deed” and ejectment. Continental alleged that it was “the fee simple beneficial owner” of the property at the time of the 1972 quitclaim deed, “with Galardi only retaining fee simple legal title as a security interest.” JTA denied that the quitclaim deed was a contract or a “contractual deed,” and asserted various affirmative defenses, including res judicata, collateral estoppel, failure to state a cause of action, and that Continental had no interest in the 1972 quitclaim deed. Continental filed a motion for summary judgment on the ejectment count and JTA filed a motion for summary judgment on both counts. In April 1983, Judge Virginia Beverly denied both motions, finding that Continental “reacquired ownership of its reversionary interest in the property in February of 1976,” but that Continental “does not have legal title to the property.” Both parties unsuccessfully sought rehearing, JTA arguing that the findings in the order denying Continental’s motion for summary judgment on count II entitled JTA to summary judgment.
Both parties filed motions for summary judgment, and in February 1984, Judge Beverly entered summary judgment for Continental on count II, finding that it had an equitable interest in the property, “and that said interest has not been transferred to, nor acquired by, [JTA]” and ordering JTA to “institute appropriate eminent domain proceedings to condemn and acquire [Continental’s] said interest in said property.” JTA appealed, and in Jacksonville Transportation Authority v. Continental Equiteis, Inc, 462 So.2d 74, 76 (Fla. 1st DCA), rev. denied, Continental Equities, Inc. v. Jacksonville Transportation Authority, 472 So .2d 1180 (Fla.1985), this Court reversed this judgment, agreeing with JTA that the claim in count II was barred by the doctrines of res judicata and collateral estoppel due to the prior condemnation proceedings: “Due to those decisions, the question of whether Continental had an equitable title reverter interest in the land at the time of the April, 1973 taking has been decided unfavorably to Continental and is not for us now to determine.” It rejected Continental’s assertion that it was not bound by the previous decisions because it was not made a party to the actions from which the decisions arose, observing:
[T]he very ground upon which Continental now asserts a compensable interest in the land was the basis upon which Continental claimed a compensable interest in the previous suit. Although Continental was never allowed to be a party in that suit as an owner of parcel one, it was a defendant in the action by virtue of its mortgagee interest in the land and the question of its ownership interest in the land was litigated and adjudicated several times, with Continental being allowed to participate in the proceedings. Each time the result was unfavorable to Continental.... At this point we are bound by those previous decisions ...

Id.

JTA renewed its motion for summary judgment, citing this Court’s 1978 and 1985 opinions. After a hearing, Judge Beverly entered summary judgment for JTA on both counts, finding that this Court’s 1978 and 1985 opinions, and the final judgment in the *1357 condemnation case, “and all orders preliminary thereto rule out any possible claim of plaintiff’ under either count. Continental appealed the ruling as to count I, and in Continental Equities, Inc. v. Jacksonville Transportation Authority, 496 So.2d 171 (Fla. 1st DCA 1986), this Court reversed, finding that the prior rulings in the trial court and on appeal “do not rule out Continental’s claim against JTA for breach of contract,” and remanded for further proceedings on the breach of contract claim.
Three more trial judges were successively assigned to the case, but a recital of those proceedings is not necessary to our determination, in light of Judge Donald Moran’s decision to grant Continental’s motion for summary judgment as to liability on the breach of contract claim. His written order made the following “findings of fact”[3]: that Sunshine conveyed a quitclaim deed to JTA “so that [JTA] could construct a segment of J. Turner Butler Boulevard on its property”; that the deed “contained a covenant, negotiated by [JTA], in which [JTA] promised to build service roads providing adjacent properties with access to the highway”; that this covenant “runs with the land to the benefit of all present and future owners of the property,” so that Continental “as current owner, has standing to bring this suit”; that “the record establishes that [JTA] failed to build service roads in the vicinity of [Continental’s] property in breach of its contractual obligations, resulting in damages to [Continental]”; and that “after an independent examination of the record, the court finds that [Continental] has conclusively refuted all of [JTA’s] affirmative defenses.”
We find that Judge Moran misconstrued the 1972 quitclaim deed as containing an independent covenant to build service roads upon which Continental could base a breach of contract claim for damages even after operation of the reverter clause. The numbered paragraphs in the deed are clearly labeled “conditions” and there is no indication that they were intended as separate covenants independent of the conveyance of the grantors’ interests in the property to JTA. When the interests conveyed by the deed reverted to the grantors upon operation of the condition in paragraph four, the quitclaim deed, including its conditions, was nullified and the parties returned to the positions they held with respect to the property before the deed was executed. Under these circumstances, there were no longer any obligations between JTA and the grantors relating to the quitclaim deed, and therefore no basis for a breach of contract suit by either of the grantors against JTA.
While this Court’s 1986 opinion correctly found that its prior decisions “do not rule out Continental’s claim against JTA for breach of contract,” because that issue had never been presented to this Court, we note that Judge Beverly had before her the 1972 quitclaim deed and could have properly construed it as giving Continental no rights against JTA for breach of contract in light of the reverter which this Court had previously found to have occurred. Perhaps that was what she meant when she stated that prior rulings in the condemnation case and on appeal “rule out any possible claim of plaintiff.” This Court did not so read her summary judgment in 1986. Having the benefit of the further proceedings in this case and Judge Moran’s construction of the 1972 quitclaim deed, we find that summary judgment should have been entered for JTA. The other issues raised in this appeal are mooted by this finding.
The summary judgment on liability entered against JTA, the final judgment awarding Continental damages and interest, and the order awarding Continental costs are all REVERSED and the ease is REMANDED to the trial court for entry of final summary judgment in favor of JTA.
SMITH, BARFIELD and LAWRENCE, JJ., concur.

. In 1968, predecessors in interest had entered into a purchase and sale agreement with Galardi for 1000 acres of marshlands which included the subject right-of-way. In 1970, those predecessors assigned their interests to Sunshine State Industrial Park, which merged with Continental in 1974.

. A few weeks after the order of taking, Continental had quitclaimed its interest in the right-of-way to Galardi in exchange for a mortgage deed two days later on the 1000 acres, apparently to cover the amounts it had already paid Galardi pursuant to the purchase and sale agreement, which was never closed due to problems with the title.

. We note that summary judgment is inappropriate if there exist disputed issues of material fact, but that some of Judge Moran’s "findings of fact” are undisputed facts, and the others are actually conclusions of law.